IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| EAGLE ONE FEDERAL CREDIT UNION,<br><br>              Appellant,<br><br>    v.<br><br>ROSALBA CAMPANILE & TRUSTEE ISABEL C. BALBOA,<br><br>              Appellees. | Civil No. 19-8103 (RMB)<br>Civil No. 19-284 (RMB)<br><br>**OPINION** |

**RENÉE MARIE BUMB, UNITED STATES DISTRICT JUDGE,**

This matter comes before the Court on the appeals brought by Appellant Eagle One Federal Credit Union ("Eagle One") from case number 17-24902 of the Bankruptcy Court for the District of New Jersey. Specifically, Eagle One has appealed two separate orders entered by the Honorable Jerrold N. Poslusny, Jr.[1] For the reasons set out below, the Court will affirm both orders in question.

---

[1] The first order was appealed under case number 19-284 of the District Court for the District of New Jersey. The second order was appealed under case number 19-8103 of the District Court for the District of New Jersey. Those two cases were consolidated on October 9, 2019. Because of this unique posture, the documents required for the Court to render its decision are not all available on a single docket. Therefore, citations will indicate which docket is being cited to: "Bankruptcy Docket No." for Bankruptcy Court case number 17-24902; "19-284 Docket No." for the first appeal; and "19-8103 Docket No." for the second appeal.

I.  **BACKGROUND**

This matter stems from Appellee Rosalba Campanile's July 24, 2017 filing of a Chapter 13 Petition and Plan. Ms. Campanile had a home located at 320 Billingsport Road, Paulsboro, New Jersey. Wells Fargo NA ("Wells Fargo") was the senior mortgagee on the home; Eagle One was a junior mortgagee. [19-284 Docket No. 4, at 4.] Prior to filing the Petition and Plan, Wells Fargo had commenced foreclosure proceedings on the home because Ms. Campanile was in default on its loan. [See 19-284 Docket No. 6, at 2.] She was not, however, in default with respect to Eagle One's loan at the time of filing the Petition and Plan, and even for some period of time thereafter. [19-284 Docket No. 4, at 4.]

The Plan proposed a loan modification to address Ms. Campanile's default in payments owed to Wells Fargo. [Id.] According to its terms, Eagle One was to be unaffected by the Plan. [Id.] The Plan "suggested that [Ms. Campanile] had more than sufficient equity in the [home] to protect [Eagle One's] interest." [Id.] In fact, the schedules listed the property value as $105,300.00, which exceeded the sum of Eagle One's secured interest in the amount of $35,120.00, and Wells Fargo's secured interest in the amount of $58,343.87. [Id.]

Within a week of the Plan being filed, Wells Fargo filed a timely objection to its confirmation, arguing that it was "speculative in nature." [Bankruptcy Docket No. 11, ¶ 6.] On

2

April 5, 2018, despite Wells Fargo's objection, the Court confirmed the Plan as proposed. [See Bankruptcy Docket No. 18.]

One requirement of the Plan was for Ms. Campanile to continue to make monthly payments to Wells Fargo. [Bankruptcy Docket No. 3, at 1.] But eighteen days later, on April 23, 2018, Wells Fargo filed a motion for relief from the automatic stay[2] on the basis that Ms. Campanile had failed to make those payments. [Bankruptcy Docket No. 20, at 1-2.] In its motion, Wells Fargo included evidence showing that Ms. Campanile had made no payments to Wells Fargo in the eight months since she initially filed the proposed Plan. [Bankruptcy Docket No. 20-4.]

On May 15, 2018, the Court granted Wells Fargo's motion. [Bankruptcy Docket No. 21.] This allowed Wells Fargo to conclude the foreclosure proceeding, which it did by purchasing the property at a Sheriff's sale on June 20, 2018. [19-284 Docket No. 6, at 2.] It is undisputed that "[t]he proceeds of the sale were insufficient for Eagle One to recover any funds from the sale . . . ." [Bankruptcy Docket No. 26, at 2.]

Throughout all of these developments, it is noteworthy that Eagle One did not file any objections or a proof of claim. [See Bankruptcy Docket.] This is in spite of the fact that Eagle One admits that it received notice of the bankruptcy, the claims

---

[2] When a Chapter 11 Petition is filed, it automatically stays most collection actions against the filer's property, including foreclosure. See 11 U.S.C. § 362.

3

deadline, and the Plan. [Bankruptcy Docket No. 26, at 1.] In fact, Eagle One "admits that [it] should have sought to file a late claim when Wells Fargo moved to lift the automatic stay to pursue the foreclosure action." [19-284 Docket No. 4, at 15.] Yet, Eagle One did not. It was not until November 2, 2018, that Eagle One filed a motion to file a late claim. [Bankruptcy Docket No. 23.] On January 4, 2019, Judge Poslusny denied that motion. [Bankruptcy Docket Nos. 27, 35.] Eagle One appealed that decision, which appeal is currently before this Court. [19-284 Docket No. 1.]

Eagle One then filed a motion for relief from the automatic stay on January 9, 2019. [Bankruptcy Docket No. 32.] Judge Poslusny denied that motion on February 25, 2019. [Bankruptcy Docket Nos. 46-47.] Eagle One appealed that decision to this Court as well. [19-8103 Docket No. 1.]

The two appeals were consolidated on October 9, 2019. [19-8103 Docket No. 13.] For the reasons set forth herein, the Court will affirm both of Judge Poslusny's decisions.

II. **JURISDICTION**

The Court has jurisdiction over these appeals pursuant to 28 U.S.C. § 158(a)(1), as each appealed decision was a final order. Eagle One's appeals are timely because they were filed within 14 days after the relevant entries of judgment. FED. R. BANKR. P. 8002.

**III. STANDARD OF REVIEW**

A district court's standard of review in a bankruptcy appeal is to "review the bankruptcy court's legal determination de novo, its factual findings for clear error, and its exercise of jurisdiction for abuse thereof." In re United Health Care System, Inc., 396 F.3d 247, 249 (3d Cir. 2005) (quoting In re TWA, 145 F.3d 123, 130-31 (3d Cir. 1998)) (noting that the circuit court and district court exercise the same standard of review).

**IV. ANALYSIS**

As noted above, Eagle One presently appeals two decisions rendered by the Bankruptcy Court. The first decision denied Eagle One's motion to file a late claim. The second decision denied Eagle One's motion for relief from the automatic stay. The Court will address each in turn.

**A. Eagle One's Motion to File a Late Claim**

In the "Summary of the Argument" section of its brief, Eagle One appears to list three arguments in support of its appeal of the denial of its motion to file a late claim. Eagle One first states that "[t]he Bankruptcy Court erred when it found that Rule 3002 barred the filing of late claims under circumstances such as present in this case." [19-284 Docket No. 4, at 10.] Next it writes that "the Court below did not give

5

proper consideration to the equities of the changed circumstances caused by the post Plan Confirmation actions of Wells Fargo, the senior lienholder, with the acquiescence of the Appellee." [Id.] Finally, Eagle One asserts that "the Court below improperly ruled that Appellant was not entitled to seek the equitable relief to file a late unsecured claim under these circumstances when there was excusable neglect to do so in light of the Plan's explicit acknowledgment that Appellant's secured claim was unaffected by the Plan." [Id.]

Despite listing those three bases, the remainder of Eagle One's brief argues solely that, because of the equitable nature of the Bankruptcy Code, the Court should apply an excusable neglect standard in this case. For the reasons set forth below, the Court declines to do so.

Section 501(a) of the Bankruptcy Code provides that a creditor may file a proof of claim when a debtor files for bankruptcy. See 11 U.S.C. § 501(a). Section 502(a) adds that "[a] claim of interest, proof of which is filed under section 501 . . . , is deemed allowed, unless a party in interest . . . objects." Id. § 502(a). Such a claim shall be allowed unless one of nine exceptions applies. See id. § 502(b). One such exception states that a claim shall not be allowed if it "is not timely filed." See id. § 502(a)(9). That rule also has exceptions. The only one relevant here is that a tardy claim may be filed "as

6

permitted . . . under the Federal Rules of Bankruptcy Procedure." Id.

Rule 3002(c) states that a proof of claim in a Chapter 13 case must be filed within 90 days of the first scheduled date for the meeting of creditors.[3] FED. R. BANKR. P. 3002(c). Rule 3002 lists six exceptions to this 90-day deadline. Id. None of those apply to this appeal, nor does Eagle One argue that they do.

Instead, Eagle One argues that the Court should apply the standard set out in Rule 9006(b)(1). That Rule states that

> [e]xcept as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

FED. R. BANKR. P. 9006(b)(1). The Supreme Court of the United States set forth the factors for determining what constitutes "excusable neglect" in Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership. 507 U.S. 380, 395 (1993). Eagle One spends the entire argument section of its brief laying out and applying those factors to the case at hand. [See 19-284 Docket No. 4, at 10-20.]

---

[3] Rule 3002 was amended in December 2017, after this case was filed. The Court's conclusion is based on the version of the Rule that existed prior to the amendment, and would not change if the new version were applied.

7

What Eagle One fails to address is the fact that the exception to Rule 9006 found in subsection (3). That subsection explicitly states that "[t]he court may enlarge the time for taking action under Rule[] . . . 3002(c) . . . <u>only to the extent and under the conditions stated in those rules</u>." FED. R. BANKR. P. 9006(c)(3) (emphasis added). As noted above, none of the exceptions to Rule 3002(c) apply here. Moreover, Rule 3002(c) does not consider whether the delay was due to excusable neglect. Plainly put, Rule 9006(b)(1)'s excusable neglect analysis has no relevance to the case at hand.

Nevertheless, Eagle One argues that, because of what it considers to be unique circumstances of this case, the Court should consider the equitable nature of the Bankruptcy Code and "bend the rules." Specifically, Eagle One argues that Section 105(a) allows for the application of Rule 9006(b)(1)'s excusable neglect analysis here. That Section states in relevant part:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, <u>sua</u> <u>sponte</u>, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

But "the equitable powers authorized by § 105(a) are not without limitation." <u>In re Combustion Engineering, Inc.</u> 391 F.3d

190, 236 (3d Cir. 2004). The Third Circuit has held that "[t]he general grant of equitable power in § 105(a) cannot trump specific provisions of the Bankruptcy Code, and must be exercised within the parameters of the Code itself." Id.; see also In re Bendezu, 2016 WL 3462040, at *1 (Bankr. D.N.J. 2016) ("Here, case and statutory law are in agreement that a bankruptcy court may not extend the bar date in a chapter 13 case."); In re Jensen, 333 B.R. 906, 909 (Bankr. M.D. Fla. 2005) ("Courts that have addressed the interaction of § 502(b)(9), Rule 9006(b)(3), and Rule 3002(c) . . . have consistently concluded that the provisions reflect Congress' intent to create an absolute bar date for filing claims in Chapter 13 cases.") Simply put, this Court, like the Bankruptcy Court below, is precluded from applying Section 105(a) because Rule 3002(c) explicitly prohibits extending the deadline for filing a proof of claim under the circumstances of this case.

To the extent that Eagle One argues that the Court should ignore the above precedent and analysis because of the unique circumstances of this case, the Court demurs. Eagle One argues that Ms. Campanile acted in bad faith by proposing the Plan and then failing to object to Wells Fargo's motion for leave from stay, "the effect of which was to modify the [P]lan to extinguish [Eagle One's] secured claim on the Property." [19-284 Docket No. 4, at 8.] Of course, Ms. Campanile was under no

9

obligation to object to Wells Fargo's motion. But even if Ms. Campanile acted in bad faith — which the Court does not hold — Eagle One overlooks the fact that its inaction was to its detriment.

Eagle One never objected to the Plan. Eagle One did not timely file a proof of claim. Eagle One did not seek to file a late claim at the appropriate time. Eagle One never objected to Wells Fargo's motion for leave from the automatic stay. Eagle One never appealed the Bankruptcy Court's decision to grant that motion. In short, Eagle One was in a position to protect its own interests by the bankruptcy rules and procedures. Eagle One, however, neglected to use the avenues available to it, instead resorting to pinning the blame on Ms. Campanile. But Eagle One's protest — that Ms. Campanile misled it and the Court at nearly every turn of this proceeding — falls flat when one considers that Eagle One sat idle.

In sum, Eagle One's attempts to avoid the consequences of its own mistakes by painting Ms. Campanile as a bad faith actor are unconvincing. The Court will not circumvent the clear language of the Bankruptcy Code and Rules of Procedure based on that argument. Therefore, the Court will affirm the Bankruptcy Court's decision denying Eagle One's motion to file a late claim.

**B.   Eagle One's Motion for Relief from the Automatic Stay**

Eagle One also appeals the Bankruptcy Court's decision denying Eagle One's motion for relief from stay. Section 362(d) of the Bankruptcy Code allows for relief from the automatic stay when a party shows "cause." 11 U.S.C. § 362(d)(1). A court determines whether cause exists by looking at three considerations:

1. Whether any great prejudice to either the bankrupt estate or the debtor will result from continuation of the civil suit;
2. Whether the hardship to the non-bankrupt party by maintenance of the stay considerably outweighs the hardship to the debtor; and
3. The probability of the creditor prevailing on the merits.

In re Trump Entm't Resorts, Inc., 526 B.R. 116, 120-21 (Bankr. D. Del. 2015) (quoting In re Rexene Prods. Co., 141 B.R. 574, 576 (Bankr. D. Del. 1992)).

> The Court below found that
>
> the prejudice to [Ms. Campanile] would be the necessity of defending a state civil court action while attempting to continue with the Chapter 13 case and making all of her required Plan payments. Additionally, [she] may be forced to defend against a deficiency action that could result in a claim subject to being discharged.

[Bankruptcy Docket No. 46, at 4.] Eagle One does not dispute that conclusion, and this Court agrees with it.

The second prong, however, is the cause for the present appeal. The Bankruptcy Court opinion laid out a detailed

analysis as to why Eagle One would suffer no hardship if the stay were not lifted. Therefore, the Court below denied Eagle One's motion for relief from stay, which denial Eagle One now appeals.

In its appeal, Eagle One argues that it "has a substantial probability of succeeding on the merits if permitted to file an unsecured claim pursuant to Bankruptcy Rule 3002(c)(3)." [19-284 Docket No. 8, at 14.] That being true, Eagle One argues, "outweighs any prejudice to debtor." [Id.] Its argument is premised on the assertion that if the stay were lifted, then Eagle One would be able to file a timely claim under Rule 3002. The veracity of that assertion is the core issue here. If Eagle One could file a timely claim under Rule 3002, then the hardship to Eagle One of the maintenance of the stay could considerably outweigh the hardship to Ms. Campanile. But if Eagle One could not file a timely claim under Rule 3002, then, as the Bankruptcy Court held, it will suffer no hardship by the maintenance of the stay.

Whether Eagle One could file a timely claim under Rule 3002 depends on whether Rule 3002(c)(3), an exception to the 90-day deadline to file a claim, applies. Rule 3002(c)(3) states:

> An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the

> entity's interest in property. If the judgment imposes
> a liability which is not satisfied, or a duty which is
> not performed within such period or such further time
> as the court may permit, the claim shall not be
> allowed.

FED. R. BANKR. P. 3002(c)(3). In other words, an entity may file a claim within 30 days of a judgment becoming final so long as (1) an unsecured claim arises in favor of the entity; (2) said unsecured claim becomes allowable because of a judgment; and (3) the judgment denies or avoids the entity's interest in property. See In re Haran, 2013 WL 4625767, at *2 (Bankr. D. Colo. Aug. 14, 2013).

The first step to this analysis is identifying the relevant judgment. Eagle One seems to argue that two such judgments could exist. The first is an as-yet-non-existent deficiency judgment, which Eagle One would seek to obtain if the stay were lifted. The second is the foreclosure judgment and sale, which occurred on July 20, 2018.

Even assuming arguendo that the July 20, 2018 foreclosure judgment and sale satisfies the requirements for 3002(c)(3), that would only have given Eagle One an additional 30 days — until August 20, 2018 — to file a claim. Eagle One did not file its motion to file late proof of claim until November 2, 2018. Eagle One, even assuming arguendo that the foreclosure judgment and sale avoided its interest, missed the deadline by which it would have been required to file its late proof of claim.

Because Eagle One's claim would still be barred even if the stay were lifted, by virtue of their failure to meet the August 20, 2018 deadline, Eagle One suffers no hardship by the maintenance of the stay from which is requests relief. Therefore, based on the Rexene test, this argument is insufficient to warrant the requested relief.

Resultingly, Eagle One's appeal rests on its other theory: that, if the stay were lifted, Eagle One would be able to obtain a deficiency judgment, which would satisfy the Rule 3002(c)(3) elements. Then, the argument goes, Eagle One would have 30 days from the date of the deficiency judgment to file a late claim. Therefore, Eagle One would suffer hardship as a result of the maintenance of the stay, and relief would be appropriate.

With respect to this issue, Eagle One argues that the Bankruptcy Court "erred in finding that [Eagle One] was an unsecured creditor at the time . . . the Petition was filed." [19-284 Docket No. 8, at 15.] This issue is governed by Section 506 of the Bankruptcy Code, which provides that "[a]n allowed claim . . . is a secured claim to the extent of the value of such creditor's interest in . . . such property" and "an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim." Bank of Am., N.A. v. Caulkett, 135 S. Ct. 1995, 1997 (2015) (quoting 11 U.S.C. § 506). Thus, as the Sixth Circuit has

14

written, whether Eagle One had a secured or an unsecured claim "depends, thanks to § 506(a), on whether [its] security interest ha[d] any actual 'value.'" In re Lane, 280 F.3d 663, 669 (6th Cir. 2002). Therefore, "[i]f a claimant's lien on the debtor's homestead has no value at all, . . . the claimant holds an 'unsecured claim.'" Id. Even if the property has some value, the creditor will still have an unsecured claim if the property's value is less than the amount of the claim. Bankr. Proc. Manual § 3002:1.

In this case, the Plan asserted that Ms. Campanile's home had a value sufficient to satisfy both Wells Fargo's and Eagle One's claims. This, Eagle One argues, means that its claim was secured. But in reality, Eagle One had an unsecured claim no later than on the Petition Date because the value of Ms. Campanile's home was insufficient to provide Eagle One any value on its lien. In other words, despite the estimations of the Plan, the value of the lien that Eagle One held was $0. This rendered its claim unsecured. Thus, a deficiency judgment would not avoid a secured claim held by Eagle One, because Eagle One's claim was and is already unsecured. See In re Ketchum, 2013 WL 3479652, at *4-5 (Bankr. N.D. Ohio 2013). With that being the case, Rule 3002(c)(3) would not grant Eagle One additional time to file its late claim. Therefore, as the Bankruptcy Court concluded, relief from the stay is not appropriate here because

Eagle One suffers no hardship as a result of the stay being maintained. This Court will thus affirm the Bankruptcy Court's decision denying Eagle One's motion for relief from stay.[4]

**V.     CONCLUSION**

For the reasons set out above, this Court will affirm both Bankruptcy Court decisions that Eagle One has appealed. An accompanying order shall issue.

January 24th, 2020                s/Renée Marie Bumb
DATE                              RENÉE MARIE BUMB
                                  United States District Judge

---

[4] In its appeal of the Bankruptcy Court's decision denying its motion for relief from stay, Eagle One also sets out the same arguments about equitable considerations that this Court already rejected supra. This Court need not readdress those arguments here.